Rossy García, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El recurso instado en el caso de epígrafe interesa la revisión de un dictamen interlocutorio emitido por el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Sonia Ivette Vélez Colón). Mediante éste, dicho foro, en el curso del trámite procesal atinente al descubrimiento de prueba, ordenó la producción de determinados documentos que fueron requeridos por la demandante-recurrida para ser por ella inspeccionados y/o copiados, entre ellos, el pasaporte y demás documentos relacionados con su condición y status inmigratorio, en poder del aquí peticionario, Sam Davis, a partir de la fecha en que ocurrieron los hechos que son base para la acción instada. Inconforme con dicho dictamen y luego de serle denegada una moción de reconsideración, interpuso el recurso que hoy nos ocupa. En éste, se limita a cuestionar el extremo de la orden que le requiere producir su pasaporte y los documentos relacionados con su status inmigratorio. Argumenta que dichos documentos no guardan pertinencia con la reclamación de la aquí recurrida, así como que tal requerimiento infringe el Artículo II, Sec. 1, de la Constitución, I L.P.R.A. Art. II, Sec. 1, que prohibe todo discrimen “por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas”.
Encontrándonos en condición de dictaminar, luego de contar con la comparecencia en oposición de la demandante-recurrida, quien en sus escritos acreditó, tanto ante el foro de instancia como ante este Tribunal, la pertinencia de los referidos documentos, y por carecer de méritos el segundo señalamiento de error imputado, se deniega la expedición del auto solicitado.
I
En abril de 1995, el Hotel El Conquistador Resort & Country Club, le facturó a la aquí recurrida, AT & T Corp., la cantidad de ciento once mil novecientos cuatro dólares con cincuenta y dos centavos ($111,904.52). En atención a dicho requerimiento, reconociendo tal obligación de pago, un oficiad de AT & T Corp. preparó un cheque por dicha cantidad, cheque núm. 51310952. No obstante, por error, el mismo fue librado a nombre de “El Conquistador Exótica ” y fue remitido por correo a la dirección postal del Hotel El Conquistador, la *1093 cual se alega, “es la misma que la de Exótica del Conquistador, Inc. ” Dicho cheque fue depositado por el aquí recurrente, Sam Davis, en la cuenta bancaria de Exótica del Conquistador, Inc., siendo éste, según se alega, la única persona que podía girar cheques contra los fondos depositados en dicha cuenta. 
De otra parte, AT & T Corp. alegó en la demanda por ella interpuesta que el peticionario, Sam Davis, es un ciudadano canadiense, no residente en Puerto Rico; que viaja periódicamente a esta jurisdicción en virtud de una visa temporera de no inmigrante (non immigrant visa); así como que éste, “valiéndose del artificio corporativo y obrando de mala fe, se apropió [y] dispuso ilegal y fraudulentamente d'e los fondos pagados por error por la demandante”. Alegó, además, que dicho demandado utilizó dichos fondos para pagar deudas personales y de las corporaciones, así como para transferir dinero a otros negocios de su propiedad, a sabiendas de que los mismos no le pertenecían a él, ni a ninguna de las corporaciones, negándose* luego a devolver los mismos, no obstante las gestiones y requerimientos que a tales efectos le ha hecílo la aquí recurrida. Finalmente, expuso la recurrida en la demanda, que el peticionario Sam Davis es el presidente y único accionista de las corporaciones Exótica del Conquistador, Inc., Exótica Café, Inc., Exótica de P.R., Inc., Exótica Condado I, Inc., Exótica Condado II, Inc., y otras que fueran designadas con nombres ficticios, las que alegadamente están bajo el control absoluto de dicho peticionario, siendo utilizadas “como alter egos de Davis”.
Es a la luz de tales alegaciones, las que fueron negadas por el peticionario, que AT & T Corp. argumentó, tanto ante el foro de instancia como ante nos, que los documentos cuya producción fue requerida para ser examinados por la recurrida y autorizada por el foro de instancia mediante el dictamen que es aquí objeto de impugnación, “va dirigido a establecer...[que el peticionario] ha utilizado el artificio corporativo para cometer fraude, derrotar la política pública y violar las leyes”. Los interesa, además, con el propósito de poder establecer la procedencia de que se descorra el velo corporativo “para que éste responda por sus actos fraudulentos en detrimento de AT & T Corp. sin escudarse tras la ficción corporativa ”.
Fue ante tales circunstancias que el foro de instancia, entre otros particulares, ordenó el descubrimiento del pasaporte y los documentos relacionados con su status inmigratorio, extremo de la orden que es aquí objeto de impugnación. Resolvemos, por los fundamentos que pasamos a exponer, que resulta procedente denegar la expedición del auto solicitado.
II
Debemos iniciar por señalar que el descubrimiento de prueba que autorizan nuestras Reglas de Procedimiento Civil debe ser amplio y liberal. Ades v. Zalman, 115 D.P.R. 514, 518 (1984); Rivera Alejandro v. Algarín, 112 D.P.R. 830 (1982). La regla sólo excluye materia privilegiada y la que no sea pertinente al asunto en controversia. Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Rivera Alejandro v. Algarín, supra, a la pág. 833 (1982). Se pretende con tal descubrimiento limitar los hechos en controversia y evitar la necesidad de llevar al juicio numerosos testigos; aligerar el juicio y relevar a las partes del costo de probar hechos que no pueden ser disputados durante la audiencia y cuya veracidad puede ser establecida mediante el uso de los medios del descubrimiento. J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña, San Juan, Publicaciones J.T.S., Vol. II, Capítulo V, a las págs. 123-124. Se pretende, además, facilitar la tramitación de los pleitos y evitar sorpresas que podrían surgir durante el juicio. Lluch v. España Service Sta., 117 D.P.R. 729, 743; General Electric v. Concessionaires, Inc., 118 D.P.R. 32, 38 (1986); Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959).
De otra parte, el concepto de pertinencia es tan abarcador, que el mero hecho de que exista una posible relación entre el material a ser descubierto y el asunto objeto del pleito, es suficiente para ordenar su descubrimiento. Sierra, supra, a la pág. 573; Medina v. Merk, Sharp & Dohme Química de Puerto Rico, Inc., *1094 135 D.P.R. _, (1994), 94 J.T.S. 52, 11787. Por ello, no constituye objeción frente a una solicitud de descubrimiento, el que la información solicitada sea inadmisible en el juicio. Basta que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de prueba admisible. Es decir, el descubrimiento de prueba puede dirigirse a solicitar información sobre prueba que sea admisible en el juicio; hechos que puedan servir para descubrir prueba admisible; datos que puedan facilitar el desarrollo del proceso; admisiones que pueden limitar las cuestiones realmente litigiosas entre las partes; datos que puedan servir para impugnar la credibilidad de los testigos; así como hechos que puedan usarse para contrainterrogar a los testigos de la otra parte. Sierra v. Tribunal Superior, supra, a la pág. 573.
Finalmente, es de perfecta aplicación al caso que nos ocupa, la norma que dicta que, de ordinario, los tribunales apelativos no intervendrán con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esta etapa evitará un perjuicio sustancial. Lluch v. España Service Sta., supra. Tal no es la situación en el caso que nos ocupa.
Dirigiendo ahora nuestra atención al señalamiento de error dirigido a imputar que la orden impugnada infringe lo dispuesto en el Art. II, Sec. 1 de la Constitución, ningún mérito podemos atribuirle. Basta con señalar que el interés gubernamental que conlleva la expedición de un pasaporte y el hecho de que el gobierno mantiene el dominio de dicho documento, hacen que éste no constituya un documento privado, y, por ende, una persona no puede tener una expectativa de intimidad en cuanto a su pasaporte. In re: Grad Jury Subpoena Duces Tecum, 544 F. Supp. 721, 726 (1982); United States of America v. Segall., 589 F. Supp. 856, 858 (1984). Véase, además, 22 C.F.R. sec. 51.9, que en lo pertinente dispone que el pasaporte es propiedad del Estado y ha de ser devuelto al gobierno si así es requerido. Siendo el pasaporte un documento público, propiedad del gobierno, el que se expide como credencial para acreditar a partes interesadas la legitimidad de la entrada al país por un extranjero, así como los términos y condiciones de la misma, implícito queda, primero, la obligación de entregarlo al Estado de serle así requerido por el gobierno. United States of America v. Falley, 489 F. 2d 33, 41 (1973). Segundo, que no se trata de materia privilegiada cobijada por la disposición constitucional invocada, ni puede tener la persona expectativa de intimidad en cuanto a su pasaporte. United States of America v. Segall, supra, a la pág. 859. En otro contexto, se ha resuelto, además, que el hecho de que un acusado tenga que entregar su pasaporte, no viola su derecho a no autoincriminarse que le provee la quinta enmienda de la Constitución de los Estados Unidos. In re: Grad Jury Subpoena Duces Tecum, supra; United States v. Friedman, 593 F 2d 109, 118 (1979).
De otra parte, la visa temporera de no inmigrante tiene diferentes clasificaciones. Entre ellas se encuentra una que es para visitantes en un viaje de placer o visitantes en un viaje de negocios, ambas con sus respectivas limitaciones. Bajo una de ellas se puede trabajar mientras la persona se encuentra en dicho país. Sin embargo, bajo la otra, la persona está impedida de llevar a cabo negocios durante su estadía. 8 C. F. 214.(a)(e). Por ende, dependiendo del tipo de visa que se le otorgue a una persona, y las restricciones que ésta imponga, se puede determinar si hay autorización para realizar negocios en un país.
Dirigiendo ahora nuestra atención a la situación particular del caso que nos ocupa, es realidad incontrovertida que el peticionario no era residente de Puerto Rico y que se encontraba aquí con su pasaporte y bajo una visa temporera de no inmigrante, bajo condiciones y restricciones que desconocemos y que la demandante-recurrida, a la luz de lo alegado y expuesto en la demanda y las controversias ante el foro de instancia, tiene legítimo derecho a descubrir. Claramente se trata de materia no privilegiada pertinente a los asuntos en controversia ante el foro de instancia, por lo que la producción ordenada está dentro del ámbito del descubrimiento. En tales circunstancias, y ausente error manifiesto o abuso de discreción por parte del foro de *1095 instancia, resulta a todas luces improcedente intervenir en esta etapa procesal con el dictamen recurrido.
III
Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2000 DTA 77
1. El Hotel El Conquistador Resort & Country Club le comunicó a AT & T Corp. que no habían recibido el cheque que alegadamente le había sido remitido. Ello dio base a que la recurrida AT & T Corp. le enviara copia del cheque girado para acreditar el pago de la obligación reclamada por el Hotel. Al ser recibido por el Hotel, éste le indicó que el cheque no estaba a su nombre y que no fue recibido por ellos. Al percatarse del error cometido, la aquí recurrida le cursó comunicación escrita fechada 24 de octubre de 1995 al Sr. Davis exigiéndole la devolución del pago hecho erróneamente. Resultando infructuosas las gestiones realizadas para obtener la devolución del dinero, AT & T Corp. instó la acción civil en cuyo trámite se emitió el dictamen que es aquí objeto de impugnación.